UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MAURICIO MUNOZ,

                         Plaintiff,

           -v.-                                 9:11-CV-0111

                                                    (DNH/GHL)

SUPERINTENDENT/WARDEN,
BRIAN FISCHER, et al.,

                        Defendants.

---

APPEARANCES:

MAURICIO MUNOZ, 08-A-3862
Plaintiff *pro se*
Eastern New York Correctional Facility
Napanoch, New York 12458

GEORGE H. LOWE,
UNITED STATES MAGISTRATE JUDGE

## ORDER AND REPORT-RECOMMENDATION

      This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable David N. Hurd, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Plaintiff Mauricio Munoz alleges that he slipped on ice at Riverview Correctional Facility and thereafter received inadequate medical care. (Dkt. No. 1.) Currently pending before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*. (Dkt. No. 2.)

**I.    SUMMARY OF PLAINTIFF'S COMPLAINT**

      Plaintiff alleges that while he was incarcerated at Riverview Correctional Facility he "suffered an accident in which he has sustained a permanent injury which was caused by the negligence of security personnel." (Dkt. No. 1 at 3.) Specifically, he alleges that at approximately

7:30 a.m. on December 13, 2010, he slipped and fell on ice that was "uncleaned from the previous night['s] snowfall." (Dkt. No. 1 at 4.) Plaintiff alleges that "Riverview Correctional Facility person[n]el w[ere] negligent" because they did not clear walkways properly. (Dkt. No. 1 at 5.)

Plaintiff was taken to the infirmary, where he complained of "extreme pain on his left leg." (Dkt. No. 1 at 4.) The attending nurse, Defendant Jane Doe, told him "not to be so soft, it is only a minor sprain" and sent him back to his housing unit. *Id*.

Thereafter, Plaintiff complained again of extreme pain. (Dkt. No. 1 at 4.) He returned to the infirmary, where the correction officer on duty, Defendant John Doe, told him "there is nothing wrong with you. Stop being a sissy and go back to the housing unit, you pussy." (Dkt. No. 1 at 4.)

On December 13, 2010, Plaintiff returned to the infirmary. (Dkt. No. 1 at 5.) The nurse on duty examined his leg and found a small fracture. *Id*. Plaintiff was sent to an outside hospital. *Id*. There, Plaintiff was examined again, found to have a fractured tibia, and placed in a cast. *Id*.

Plaintiff alleges that he was "given inadequate and negligent medical care by the facility staff, causing additional pain, discomfort, and stress." (Dkt. No. 1 at 6.) He alleges that "staff knew and avoided the proper treatment" for his pain. *Id*.

Plaintiff lists the "Superintendent/Warden of Riverview Correctional Facility," Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS") Brian Fischer , the State of New York, the New York State Department of Correctional Services[1], Jane Doe, and John Doe as Defendants in this action. (Dkt. No. 1 at 1-3.)

Plaintiff requests an investigation by "the State Attorney of the Riverview Correctional

---

[1] The Department is listed only in the caption and does not appear in the list of parties.

Facility [and] and the New York State Department of Correctional Services for negligence and lack of proper supervision" and $2 million dollars in damages. (Dkt. No. 1 at 7.)

## II.   PLAINTIFF'S *IN FORMA PAUPERIS* APPLICATION

After reviewing Plaintiff's *in forma pauperis* application, the Court finds that Plaintiff may properly proceed with this matter *in forma pauperis*.

## III.   REVIEW OF PLAINTIFF'S COMPLAINT UNDER 28 U.S.C. § 1915(e)

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, " . . . the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[2] Thus, the court has a responsibility to determine that a complaint may be properly maintained before it may permit a plaintiff to proceed with an action *in forma pauperis*.[3]  *See id.*  Although the court has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a pro se complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the court to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action *in forma pauperis.  See e.g. Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding

---

[2] In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[3] Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent abuses of the process of the court, *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974), as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327.

3

that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief." *Id.* at 1950 (internal citation and punctuation omitted).

### A.    Claims Regarding Failure to Remove Ice

Plaintiff claims that "Riverview Correctional Facility person[n]el w[ere] negligent" because they did not clear walkways properly. (Dkt. No. 1 at 5.) Plaintiff's allegations regarding the icy walkways fail to state a federal claim.

Plaintiff's complaint frequently refers to the "negligence" of Riverview staff. Negligence is not actionable under 42 U.S.C. § 1983. *Daniels v. Williams,* 474 U.S. 327, 330-31 (1986). Therefore, Plaintiff must allege facts plausibly suggesting a constitutional violation in order to state a claim regarding the icy walkway.

The Eighth Amendment imposes on jail officials the duty to "provide humane conditions of confinement" for prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In fulfilling this duty, prison officials "must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer*,

4

511 U.S. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

To state an Eighth Amendment conditions of confinement claim, a plaintiff must allege facts plausibly suggesting both an objective and a subjective component. *Farmer*, 511 U.S. at 834. To satisfy the objective component, "the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). A prisoner must show that the defendant's "act or omission ... result[ed] in the denial of the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. Therefore, "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

To satisfy the subjective component, the plaintiff must allege facts plausibly suggesting that the defendant acted with "deliberate indifference." *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991). A prison official demonstrates deliberate indifference to inhumane conditions of confinement where he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

The complaint fails to state an Eighth Amendment conditions of confinement claim. Courts dismissing claims like Plaintiff's have done so on both objective and subjective grounds. On objective grounds, "[c]ourts have regularly held that a wet or slippery floor does not pose an objectively excessive risk to prisoners." *Sylla v. City of New York*, No. 04-cv-5692, 2005 U.S. Dist. LEXIS 31817, at *9, 2005 WL 3336460, at *3 (E.D.N.Y. Dec. 8, 2005) (collecting cases).[4] On

---

[4] The Court will provide Plaintiff with a copy of this unpublished decision in accordance with the Second Circuit's decision in *LeBron v. Sanders*, 557 F.3d 76 (2d Cir. 2009).

subjective grounds, courts have found that allegations like Plaintiff's fail to state a claim except where the prisoner alleges that he or she actually informed the defendant about the dangerous condition. *Compare Spencer v. Sylvester*, No. 97 Civ. 5491, 1999 U.S. Dist. LEXIS 1098, at *8-9, 1999 WL 61644, at *3 (E.D.N.Y. Feb. 2, 1999) (dismissing Eighth Amendment claim where plaintiff did not allege that defendant was personally aware of slippery conditions on stairs and landing or that he was deliberately indifferent to the alleged conditions)[5], *with Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir.1987) (holding that inmate who fell off a ladder during a work assignment stated an Eighth Amendment claim where inmate alleged that officer ordered him to continue working after being informed that the ladder was unsafe); and *Baumann v. Walsh*, 36 F. Supp. 2d 508, 513-15 (N.D.N.Y.1999) (finding inmate who was forced to climb on boxes and stand on shelves to perform work assignment stated Eighth Amendment claim against corrections officer where inmate alleged he informed the officer of the unsafe condition).

Here, Plaintiff does not allege that he informed anyone, much less any named defendant, about the icy walkway. Therefore, I recommend that the Court dismiss Plaintiff's Eighth Amendment conditions of confinement claim.

   B.   **Medical Claims**

Plaintiff claims that Defendants Jane Doe and John Doe were deliberately indifferent to his serious medical needs. (Dkt. No. 1 at 6.)

There are two elements to a prisoner's claim that prison officials violated his Eighth Amendment right to receive medical care: "the plaintiff must show that she or he had a serious

---

[5] The Court will provide Plaintiff with a copy of this unpublished decision in accordance with the Second Circuit's decision in *LeBron v. Sanders*, 557 F.3d 76 (2d Cir. 2009).

medical condition and that it was met with deliberate indifference." *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009) (citation and punctuation omitted). "The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberate indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind." *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003).

A "serious medical condition" is "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Nance v. Kelly,* 912 F.2d 605, 607 (2d Cir. 1990) (Pratt, J. dissenting) (citations omitted), *accord*, *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1996), *cert. denied*, 513 U.S. 1154 (1995); *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). Relevant factors to consider when determining whether an alleged medical condition is sufficiently serious include, but are not limited to: (1) the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; (2) the presence of a medical condition that significantly affects an individual's daily activities; and (3) the existence of chronic and substantial pain. *Chance*, 143 F.3d at 702-03.

Here, construed liberally, the complaint appears to allege facts plausibly suggesting that Plaintiff suffered from a serious medical condition. Plaintiff alleges that he complained of "extreme pain on his left leg" and that his leg was ultimately placed in a cast to heal a fractured tibia. (Dkt. No. 1 at 4-5.) A reasonable doctor or patient would find such an injury worthy of comment or treatment, a broken leg significantly affects an individual's daily activities, and Plaintiff alleges that he suffered "extreme" pain. Therefore, Plaintiff has sufficiently alleged a serious medical condition

for the purpose of this initial review.[6]

Medical mistreatment rises to the level of deliberate indifference only when it "involves culpable recklessness, i.e., an act or a failure to act . . . that evinces 'a conscious disregard of a substantial risk of serious harm.'" *Chance*, 143 F.3d, 698, 703 (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).

To establish that a medical care provider was deliberately indifferent, an inmate must prove that the provider (1) was aware of facts from which the inference could be drawn that the inmate had a serious medical need; and (2) actually drew that inference. *Farmer*, 511 U.S. at 837; *Chance*, 143 F.3d at 702-703. The inmate then must establish that the provider consciously and intentionally disregarded or ignored that serious medical need. *Farmer*, 511 U.S. 825, 835; *Ross v. Giambruno*, 112 F.3d 505 (2d Cir. 1997). An "inadvertent failure to provide adequate medical care" does not constitute "deliberate indifference." *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Moreover, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim . . . under the Eighth Amendment." *Id.*  Stated another way, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.*; *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) ("Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation.")

Here, Plaintiff alleges that Defendant Nurse Jane Doe told him "not to be so soft, it is only a minor sprain" and sent him back to his housing unit. (Dkt. No. 1 at 4.) The complaint does not

---

[6] The Court does not express any opinion on whether Plaintiff's claim is sufficiently well-pleaded to survive a motion to dismiss or a motion for summary judgment.

state whether or not Defendant Jane Doe examined Plaintiff. This allegation is sufficient for the claim to survive initial review.

Regarding Defendant Correction Officer John Doe, "[n]on-medical personnel engage in deliberate indifference where they intentionally delayed access to medical care when the inmate was in extreme pain and has made his medical problem known to attendant prison personnel." *Baumann v. Walsh*, 36 F. Supp. 2d 508, 512 (N.D.N.Y. 1999). Here, the complaint alleges that Plaintiff complained to Defendant John Doe that he was in extreme pain and Defendant Doe responded by calling him names and sending him back to his housing unit. (Dkt. No. 1 at 4.) This allegation is sufficient for the claim to survive initial review.

### C. Claims Against Brian Fischer and the "Superintendent/Warden"

Plaintiff names the "Superintendent/Warden of Riverview Correctional Facility" and Brian Fischer, the Commissioner of DOCCS, as defendants. (Dkt. No. 1 at 2-3.)

Under Second Circuit precedent, "'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). In order to prevail on a § 1983 cause of action against an individual, a plaintiff must show some tangible connection between the unlawful conduct and the defendant. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). If the defendant is a supervisory official, a mere "linkage" to the unlawful conduct through "the prison chain of command" (i.e., under the doctrine of *respondeat superior*) is insufficient to show his or her personal involvement in that unlawful conduct. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright*, 21 F.3d at 501; *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985). In

9

other words, supervisory officials may not be held liable merely because they held a position of authority. *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996). Rather, supervisory personnel may be considered "personally involved" if they (1) directly participated in the violation, (2) failed to remedy that violation after learning of it through a report or appeal, (3) created, or allowed to continue, a policy or custom under which the violation occurred, (4) had been grossly negligent in managing subordinates who caused the violation, or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the violation was occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).[7]

Here, the complaint does not allege any facts plausibly suggesting that "Superintendent/Warden" or Defendant Fischer were personally involved in the failure to clear the walkway or Plaintiff's medical care issues. The failure to allege facts plausibly suggesting that a defendant was personally involved will generally subject a complaint to dismissal. However, this case falls within an exception to the general rule.

Under this exception, when a prisoner does not know the identities of any of the individuals who allegedly violated his constitutional rights, it is appropriate to maintain "supervisory personnel as defendants ... until the plaintiff has been afforded an opportunity through at least brief discovery to identify the subordinate officials who have personal liability." *Davis v. Kelly*, 160 F.3d 917, 921

---

[7]  In *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), the Supreme Court ruled that where the underlying constitutional claim is a claim of intentional discrimination, a supervisory official's liability must be judged by the official's purpose rather than the official's knowledge of subordinates' actions or policies. The Second Circuit has not yet issued a decision discussing *Iqbal*'s effect on the *Colon* categories. Several district courts in the Second Circuit have determined that *Iqbal* nullified some of the *Colon* categories. *See Sash v. United States*, 674 F. Supp. 2d 531, 543-44 (S.D.N.Y. 2009) (collecting cases). I will assume for the purposes of this motion that *Colon* remains good law.

(2d Cir. 1998). "After an opportunity for discovery, undisputed allegations that the supervisor lacked personal involvement will ultimately suffice to dismiss that official from the case, but such dismissal is premature where the opportunity to identify those involved has not yet been accorded." *Id*. at 921-22 (citations omitted). *See also Murphy v. Goord*, 445 F. Supp. 2d 261 (W.D.N.Y. 2006) (denying superintendent's motion for judgment on the pleadings on personal involvement grounds and allowing plaintiff to proceed with discovery to identify the Doe defendants). Therefore, I recommend that the Court refrain from dismissing Defendant Fischer from the case at this time so that Plaintiff can pursue discovery to identify Jane Doe and John Doe. However, I recommend that the Court dismiss all claims against the "Superintendent/Warden" for lack of personal involvement with leave to amend.

### D.    Claims Against the State of New York and the New York State Department of Correctional Services

Plaintiff names the State of New York and the New York State Department of Correctional Services as defendants. (Dkt. No. 1 at 3.) These defendants are immune from suit pursuant to the Eleventh Amendment. *Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002); *Torrence v. Pelkey*, 164 F. Supp. 2d 264, 271 (D. Conn. 2001); *Richards v. Appellate Div.*, 597 F. Supp. 689, 691 (E.D.N.Y. 1984) ("[A] state is absolutely immune from any action brought against it in federal court by a citizen of its own state, even if only declaratory or injunctive relief is sought" and immunity extends to "agencies of the state."). Therefore, I recommend that the Court dismiss Plaintiff's claims against the State of New York and the New York State Department of Correctional Services without leave to amend.

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's *in forma pauperis* application (Dkt. No. 2) is **GRANTED**;[8] and it is further

**RECOMMENDED** that the Court (1) dismiss Plaintiff's claim regarding the failure to clear the icy walkway with leave to amend; (2) direct service of the complaint on Defendant Fischer; (3) dismiss the claims against the "Superintendent/Warden" for lack of personal involvement with leave to amend; and (4) dismiss Plaintiff's claims against the State of New York and the New York State Department of Correctional Services without leave to amend; and it is further

**ORDERED** that the Clerk provide Plaintiff with copies of *Sylla v. City of New York*, No. 04-cv-5692, 2005 U.S. Dist. LEXIS 31817, 2005 WL 3336460 (E.D.N.Y. Dec. 8, 2005) and *Spencer v. Sylvester*, No. 97 Civ. 5491, 1999 U.S. Dist. LEXIS 1098, 1999 WL 61644 (E.D.N.Y. Feb. 2, 1999) in accordance with the Second Circuit's decision in *LeBron v. Sanders*, 557 F.3d 76 (2d Cir. 2009).

Dated: September 29, 2011
       Syracuse, New York

*[signature]*
George H. Lowe
United States Magistrate Judge

---

[8] Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.